UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO

JONATHON JAHMAL LEMONS              PLAINTIFF

v.              CIVIL ACTION NO. 4:10CV-P147-M

JUDGE DAVID C. PAYNE et al.             DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff, Jonathon Jahmal Lemons, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

**I. SUMMARY OF CLAIMS**

Plaintiff is a pretrial detainee at the Daviess County Detention Center. He sues in their official capacities Judge David C. Payne and Owensboro Police Detective Jason D. Winkler. He alleges that in August 2010 Detective Winkler presented Judge Payne an affidavit lacking in probable cause which the judge signed, thereby violating Plaintiff's rights. He states that pursuant to the "false" search warrant, four people, including Plaintiff, were arrested simply for being at that location. He alleges that even though the Detective testified before the Judge that Plaintiff was not being investigated, was not linked to the contraband, and was not a person of interest, Plaintiff is being selectively and maliciously prosecuted. He asserts that the Judge rubber-stamped a search warrant to send his officer on a fishing expedition when no evidence existed to suggest to a reasonable person that criminal activity was taking place at the private residence and advanced the case against him because Plaintiff is black and from the Atlanta area.

As relief, Plaintiff wants the search warrant rendered null, $50 for each day of his incarceration, and to be released from prison.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

*Claim against Judge Payne*

Plaintiff sues Judge Payne in his official capacity. As such, that claim against the judge, a state official, is deemed to be against the State itself. Therefore, Plaintiff's claim for money damages is barred by Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985).

To the extent that Plaintiff seeks equitable relief, § 1983 does not allow it except in certain cases. Section 1983 provides in pertinent part that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief

shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Plaintiff does not allege, and nothing in the complaints suggests, that a declaratory decree was violated or that declaratory relief was unavailable. Therefore, Plaintiff's claim against Judge Payne fails to state a claim upon which relief may be granted. *See Azubuko v. Royal*, 443 F.3d 302, 303-04 (3d Cir. 2006).

*Claim against Detective Winkler*

Plaintiff also sues Detective Winkler in his official capacity. If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, in the case at bar, the claim against Detective Winkler, an employee of the City of Owensboro, is actually brought against the City of Owensboro. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) (emphasis in original); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that

3

municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). Simply stated, the plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").

Plaintiff does not allege the existence of a municipal policy or custom leading to the alleged constitutional violations. The incident alleged in the complaint appears to be a one-time occurrence. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). Plaintiff fails to state a claim against Detective Winkler upon which relief may be granted.

## III. CONCLUSION

For the foregoing reasons, the Court will dismiss the instant action by separate Order.

Date:

cc: Plaintiff, *pro se*
 Defendants
 Daviess County Attorney
4414.009